UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 14-2405-Otazo-Reyes

UNITED STATES OF AMERICA

vs.

ALEXANDER ROUSSEAU,

        **Defendant.**

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
BENJAMIN J. WIDLANSKI
ASSISTANT UNITED STATES ATTORNEY
Court ID No. A5501885
99 N. E. 4th Street
Miami, Florida 33132-2111
TEL (305) 961-9342
FAX (305) 530-7976

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
| v. | ) |
| | ) Case No. 14-2405-Otazo-Reyes |
| ALEXANDER ROUSSEAU, | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __April 6, 2014__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18, United States Code, Sections 2252(a)(2), 2252(a)(4) and 2252(b) | Possession and Receipt of Child Pornography |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Alexis Carpinteri, SA, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __4/7/14__

_____
*Judge's signature*

City and state: __Miami, Florida__    Alicia M. Otazo-Reyes, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, ALEXIS CARPINTERI, Special Agent with the Federal Bureau of Investigation ("FBI"), having been first duly sworn, do hereby depose and state as follows:

1. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18 of the United States Code. That is, I am an officer of the United States, who is empowered by law to conduct investigations of, and make arrests for, offenses enumerated in Title 18, United States Code, Sections 2422, 2423, 2251, and 2252, et seq.

2. I am a Special Agent (SA) with the FBI, and have been so since January 1997. Currently, I am assigned to the investigation of cases involving crimes against children. These investigations have included the utilization of surveillance techniques, undercover activities, the interviewing of subjects and witnesses, and the planning and execution of search, arrest and seizure warrants. I have received training in the investigation of child exploitation offenses, and I have conducted and assisted in several child exploitation investigations. I have executed several search warrants that have led to seizures of child pornography.

3. This affidavit is made in support of a criminal complaint charging Alexander ROUSSEAU with possessing and receiving child pornography, in violation of Title 18, United States Code, Sections 2252(a)(2), 2252(a)(4), and 2252(b).

4. Although I am familiar with the full breadth of the facts and circumstances of this investigation, I have not included in the affidavit each and every fact known to me about the matters set forth herein, but only those facts and circumstances that I believe are sufficient to establish probable cause for the arrest of ROUSSEAU for violations of Title 18, United States Code, Sections 2252(a)(2), 2252(a)(4), and 2252(b).

5. The statements contained in this affidavit are based upon my investigation, information provided by other sworn law enforcement officers and other personnel specially trained in the seizure and analysis of computers, and on my experience and training as a federal agent.

6. On or about December 12, 2013, your affiant, using investigative software, identified a computer on the ARES peer-to-peer (P2P) file sharing network whose shared folder contained files believed to depict child pornography. Specifically, IP address 174.61.74.238 (the "Target IP address") was listed as utilizing ARES user name anon_ae3d4aee@Ares and sharing seventy-one (71) files with hash values of images and videos of suspected child pornography. A sample of the names of the files being shared were:

   a. (pthc) dad and cumming in toddler.avi

   b. ! new! (pthc)tara jan 07 masterbation and penetration.mpg

   c. ! tara 8 a to m 2007(2).wmv

7. Based on the SHA-1 value of the above mentioned files, your affiant attempted to download several of these files from the Target IP address. Between December 16, 2013 and December 31, 2013, a total of eight (8) video files which were believed to depict child pornography were successfully downloaded from the Target IP address. The downloaded files contained one (1) complete video file and seven (7) partial video files. I viewed the files and, based upon my training and experience, believe they depicted child pornography.

8. Further investigation indicated that the Target IP address is registered to Comcast Communications. On January 7, 2014, a subpoena was issued to Comcast Communications to determine the subscriber for the Target IP address 174.61.74.238 at 10:45 a.m. Eastern Standard Time on December 16, 2013 and 4:06 p.m. Eastern Standard Time on December 25, 2013, the

2

dates and time frames the files were downloaded. Results from the subpoena revealed the Target IP address was assigned to an account registered to MIAMI FIRE STATION 6 at 701 Northwest 36 Street, Miami, Florida 33127 ("the Target Premises"). A check of the City of Miami webpage confirmed that the City of Miami Fire Station No. 6 was located at the above address.

9. On January 31, 2014, agents conducted physical surveillance of the Target Premises. The location was identified as being a single story structure. A check for open wireless networks was conducted, and, at that time, one open wireless network labeled "WiFi-Repeater1" was detected. The wireless network could only be detected while pulled up directly to the front of the building. The only area for a vehicle to pull up to the building was directly in front of the four (4) bay garage doors where the emergency vehicles for the station were housed. There were no parking spaces or benches for visitors to utilize. It did not appear that any area along the perimeter of the Target Premises was viable to access and utilize the unsecured network that was observed at the Target Premises. There was a secure employee parking lot on the backside of the building (north side) which had a gated entrance. The parking lot appeared to be rectangular in shape with vehicles parked close to the building and in the far northern part of the lot (farthest away from the building).

10. A check was conducted through a law enforcement database for the Target IP address which revealed that the Target IP address had been viewed on the ARES P2P file sharing network with files containing child pornography on a consistent basis, starting on June 1, 2013. The majority of the time the Target IP address was observed on ARES was after 8:00 p.m., often after 10:00 p.m., and ending before 4:00 a.m.

11. A check with the City of Miami revealed that the individuals assigned to the Target Premises work for a 24-hour shift which begins at 7:30 a.m. on one day and goes until

3

7:30 a.m. the following day. The schedule for each employee appeared to be every third day, that is, one day on-duty followed by two days off-duty. In addition, it appeared that employees who were scheduled for a work shift did not always report for duty on the scheduled day. The use of a "Kelly Day," a regularly-scheduled day that an employee did not have to work in order to adjust the hours worked to fit the contractually agreed-upon monthly amount of hours worked, has been incorporated into the scheduled shifts.

12. On February 14, 2014, your affiant, using investigative software, identified a computer on the ARES P2P file sharing network whose shared folder contained files believed to depict child pornography. Specifically, the Target IP address was listed as utilizing ARES user name anon_ae3d4aee@Ares and sharing eighty-three (83) files with hash values of images and videos of suspected child pornography. On that date, a total of nine (9) video files which were believed to depict child pornography were successfully downloaded from the Target IP address. The downloaded files contained two (2) complete video files and seven (7) partial video files. I viewed the files and, based upon my training and experience, believe they depicted child pornography.

13. A search of a publicly available online database indicated that the Target IP address was still registered to Comcast Communications. On March 13, 2014, a subpoena was issued to Comcast Communications to determine the subscriber for the Target IP address on February 14, 2014 from 12:45 p.m. Eastern Time to 4 p.m. Eastern Time, the date and time frame the files were downloaded. Comcast Communications responded to that subpoena on March 14, 2014, and confirmed that the subscriber information was unchanged from the previous subpoena, that is, the Target IP address was still registered to MIAMI FIRE STATION 6 at the Target Premises address.

4

14. Based on the results of my investigation, on March 26, 2014, I applied for and received a federal search warrant for the Target Premises, 14-mj-02356-McALILEY. On April 6, 2014, the federal search warrant was executed on the Target Premises by the FBI and the City of Miami Police Department. At the time of execution of the search warrant, several computers were observed inside the Target Premises. One laptop computer, an Acer Aspire Model, serial number LXPDN0X0459231DEB82000, was on and running on the bed in one of the individual sleeping quarters for the employees. The ARES P2P file-sharing program was installed and running on the laptop, including a list of active downloads in progress at that moment. The titles of the downloading videos were consistent with titles containing child pornography.

15. On a bedside table, next to the bed upon which the laptop computer was sitting, a wallet was found containing the Florida Driver's License for ALEXANDER ROUSSEAU. During the course of my investigation, I determined that only one City of Miami Fire Department employee was listed as working at the Target Premises on all of the dates and times when the Target IP address had accessed the ARES P2P network. That employee was ROUSSEAU.

16. A forensic preview of the Acer Aspire laptop was conducted which revealed the profile on the computer was named "Alex" and that there were approximately 220 files in an ARES folder titled "My Shared Folder." A full forensic review of the files has not been completed, but a representative sample of the some of the videos contains the following:

    a. (pthc)princess200 david.avi, which was a video file depicting a young female child, under the age of 10, performing oral sex on an adult male;

    b. suzan1.3gp, which was a video file depicting a young female child, under the age of 12, performing oral sex on an adult male;

5

c.  pthc 2014 new father drugfucks his 13y daughter luna in the basement part 2.wmv, which was a video file depicting a young female child who appeared to be under the age of 12, lying in a bed with her clothing pulled down to expose her genitalia. The young girl was unresponsive and not conscious during the video. An adult male penetrated the child and then ejaculated on the child's buttocks;

d.  (pthc)babyj-tied-anal-vaginal.wmv which was a video file depicting a young female child, under the age of 10, who was vaginally and anally penetrated by an adult male.

17.  The Fire Department employees who were on duty at the time of the execution of the warrant were identified and interviewed. ALEXANDER ROUSSEAU agreed to be interviewed, waived his *Miranda* rights, and admitted that he was using a laptop computer in one of the sleeping quarter rooms. He also admitted that he had installed and used the ARES P2P file-sharing program. He further admitted that he had seen videos containing child pornography through his downloads via the ARES program. Although he did not admit to searching for the videos, he admitted that he had downloaded and viewed some of them. He also admitted that he knew that the videos he downloaded were placed into a shared folder and that others were able to download contents from his computer. During my interview of ROUSSEAU, a defense attorney arrived at the Target Premises and advised that she was hired by the union to represent all of the Firefighters inside the station. In an abundance of caution, although ROUSSEAU had waived his *Miranda* rights, we ceased asking ROUSSEAU questions and began the process of administratively processing him for arrest.

18.  A full forensic examination of the Acer Aspire laptop has not been conducted, but during a preliminary review of the computer, a long list of search terms that I know to be

6

associated with the downloading, receipt, possession, and viewing of child pornography were found, including such terms as "pthc" and the names of known child pornography victims.

19.    I respectfully submit that there is probable cause to believe that, on April 6, 2014, ROUSSEAU knowingly possessed and received child pornography, in violation of Title 18, United States Code, Sections 2252(a)(2), 2252(a)(4), and 2252(b).

Respectfully submitted,

_____
ALEXIS CARPINTERI, SPECIAL AGENT,
FEDERAL BUREAU OF INVESTIGATION

Subscribed and sworn to before me
on April 7, 2014

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE